# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jose Gerardo DOMINGUEZ-Ayala,<br><br>Defendant. | Case No.: 21MJ8847<br><br>COMPLAINT FOR VIOLATION OF:<br><br>8 U.S.C. § 1324(a)(2)(B)(ii)<br>Bringing In Alien For Financial Gain<br>(Felony) |

The undersigned complainant being duly sworn states:

On or about October 13, 2021, within the Southern District of California, defendant, Jose Gerardo DOMINGUEZ-Ayala, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely Damian VALENZUELA-Tamayo, had not received prior official authorization to come to, enter, or reside in the United States, did bring to the United States said alien for the purpose of commercial advantage or private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), a felony.

The complainant states this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

_____
Margarita Carter, Enforcement Officer
United States Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 14th day of October, 2021.

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Jose Gerardo DOMINGUEZ-Ayala

## STATEMENT OF FACTS

The complainant states this Complaint and Statement of Facts are based upon the reports of the apprehending officers and the investigation conducted by United States Customs and Border Protection Enforcement Officer Carter that defendant, Jose Gerardo DOMINGUEZ-Ayala (DOMINGUEZ), was arrested at the Calexico, California West Port of Entry on October 13, 2021.

On October 13, 2021, at approximately 1:25 p.m., DOMINGUEZ applied for admission into the United States at the Calexico, California West Port of Entry through the vehicle primary lanes. DOMINGUEZ was the driver of a black 2006 Mitsubishi Galant sedan with a male passenger. Upon inspection before United States Customs and Border Protection Officer (CBPO) Toure, DOMINGUEZ presented a United States Naturalization Certificate as his entry document and United States Passport card as an entry document for the male passenger, later identified as Damian VALENZUELA-Tamayo (VALENZUELA). CBPO Toure examined the documents and immediately noticed the picture on the United States Passport card did not match VALENZUELA. CBPO Toure proceeded to request additional identification of VALENZUELA, but he appeared to not understand English. DOMINGUEZ stated VALENZUELA did not have a wallet because he had lost it. DOMINGUEZ gave a negative customs declaration and stated they were in route to Calexico. CBPO Toure suspected VALENZUELA was an imposter to the

document presented and escorted him and DOMINGUEZ to the Vehicle Secondary Office for further disposition.

In the Vehicle Secondary Office, VALENZUELA's fingerprints were queried through the Integrated Automated Fingerprint Identification System (IAFIS) with results revealing previous immigration violations. Record checks confirmed VALENZUELA does not possess legal documents to enter into or be in the United States.

DOMINGUEZ was advised of his Miranda Rights. DOMINGUEZ stated he understood his right and was willing to answer questions without the presence of an attorney. DOMINGUEZ stated today he was bringing in a person into the United States illegally with a document that did not belong to him. DOMINGUEZ stated he needed money at this time and his "friend" offered him a job to smuggle a person into the United States illegally using his cousin's entry document. DOMINGUEZ stated his friend was going to pay him a smuggling fee of $1,500.00 United States dollars once successful in the illegal entry of VALENZUELA. DOMINGUEZ stated he accepted the job and knew it was illegal to smuggle undocumented aliens into the United States. DOMINGUEZ stated today he met his "friend" at approximately 11:00 a.m., at a parking lot in Mexicali near the border. DOMINGUEZ stated he picked up VALENZUELA and drove to the Calexico Port of Entry. DOMINGUEZ stated if successful in his illegal attempt he was going to drop off VALENZUELA at the Donut Shop in Calexico. DOMINGUEZ admitted he had attempted to smuggle undocumented aliens into the United States through the port previously, but was apprehended. DOMINGUEZ admitted he knew it was illegal to

smuggle undocumented aliens into the United States, but he did it because he needed money.

Material witness, Damian VALENZUELA-Tamayo, stated he is a citizen of Mexico with no legal documents to enter the United States. VALENZUELA stated his uncle made arrangements with an unknown smuggler in Mexicali to smuggle him into the United States. VALENZUELA stated he was at a stash house where an unknown male smuggler provided him with biographical information to memorize. VALENZUELA stated he was transported to a parking lot and instructed to go with DOMINGUEZ in his vehicle. VALENZUELA stated DOMINGUEZ quizzed him on the biographical information previously given to him to see if he had memorized it. VALENZUELA stated that soon after he and DOMINGUEZ drove to the border and waited in line to enter the United States. DOMINGUEZ instructed him to show the CBPOs the document given to him to illegally enter the United States. VALENZUELA stated his uncle was going to pay a smuggling fee of $18,000.00 United States dollars to the smugglers once successfully in the United States. VALENZUELA stated if successful in his illegal attempt he would travel to Los Angeles to reside with his uncle and find illegal employment.

The complainant states the name of the Material Witnesses are as follows:

| **NAME** | **COUNTRY OF BIRTH** |
|---|---|
| Damian VALENZUELA-Tamayo | Mexico |

Further, complainant states that the Material Witness is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at trial by subpoena; and that he is a Material Witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.